UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL R. REEVES,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>    Defendant. | Case No. C07-779-RAJ-JPD<br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Michael R. Reeves appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be AFFIRMED.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a fifty-one year old man with a high school education. Administrative Record ("AR") at 56. He previously worked as a truck driver and warehouse worker. AR at 64, 68, 285. Plaintiff was last gainfully employed in May 1991. AR at 79.

On December 11, 2003, plaintiff filed a claim for SSI benefits, alleging an onset date of

REPORT AND RECOMMENDATION
PAGE – 1

01 January 1, 1993. AR at 56-58, 59.[1]  Plaintiff asserts that morbid obesity, diabetes type II,
02 sleep apnea, back pain, chronic obstructive pulmonary disease ("COPD"), leg tendon
03 problems, and asthma have kept him from obtaining and maintaining employment of any kind.
04 AR at 17, 62; Dkt. No. 11.

05 The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 52-
06 55, 48-50. On September 15, 2006, a disability hearing was held before the ALJ, who
07 eventually concluded that plaintiff was not disabled and denied benefits based on his finding
08 that plaintiff could perform specific jobs existing in significant numbers in the national
09 economy. AR at 11-20.[2]  Plaintiff's administrative appeal of the ALJ's decision was denied
10 by the Appeals Council, AR at 5-8, making the ALJ's ruling the "final decision" of the
11 Commissioner as that term is defined by 42 U.S.C. § 405(g). On May 21, 2007, plaintiff
12 timely filed the present action challenging the Commissioner's decision. Dkt. Nos. 1, 3.

## II. JURISDICTION

14 Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§
15 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

17 Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of
18 social security benefits when the ALJ's findings are based on legal error or not supported by
19 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th
20 Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is
21 such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
22 *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750
23 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

---

[1] Plaintiff is ineligible for SSI benefits for any month including and preceding his SSI filing date of December 2003. *See* 20 C.F.R. § 416.335; Social Security Regulation ("SSR") 83-20, *available at* 1983 WL 31249, *1.

[2] These jobs were a "small parts assembler" and "dispatcher." AR at 20.

REPORT AND RECOMMENDATION
PAGE – 2

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.  EVALUATING DISABILITY

As the claimant, Mr. Reeves bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b).[3] If he is, disability benefits are denied. If he is not, the

---

[3] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. § 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. § 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R.§ 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On October 17, 2006, the ALJ issued a decision denying plaintiff's request for benefits, which found:

1. The claimant has not engaged in substantial gainful activity since January 1, 1993, the alleged onset date (20 CFR 416.920(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairments: diabetes mellitus; sleep apnea; chronic obstructive pulmonary disease (COPD); back pain related to degenerative disc changes; and obesity (20 CFR 416.920(c)).

REPORT AND RECOMMENDATION
PAGE – 4

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently. He can stand/walk about 2 hours in a workday and sit for 6 hours. He [c]an occasionally stoop, crouch, and climb ladders, ropes, and scaffolds. He must avoid concentrated exposure to fumes, gases, odors, dusts, poor ventilation and so forth, and hazardous materials.

5.  The claimant is unable to perform any past relevant work (20 CFR 416.965).

6.  The claimant was born on December 23, 1956 and he was nearly 47 years old on the date the application was filed, which is defined as a younger individual age 45-49 (20 CFR 416.963).

7.  The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, I find that jobs exist in significant numbers in the national economy which the claimant can perform (20 CFR 416.960(c) and 416.966).

10. The claimant has not been under a "disability," as defined in the Social Security Act, since December 1, 2003 (20 CFR 416.920(g)), the date the application was filed.

AR at 16-20.

## VI. ISSUES ON APPEAL

The sole issue on appeal is whether the ALJ erred by finding that plaintiff's subjective testimony and written statements, including his subjective complaints of pain, were not entirely credible.

REPORT AND RECOMMENDATION
PAGE – 5

## VII.  DISCUSSION

A. The ALJ Properly Addressed Plaintiff's Testimony and Other Subjective Complaints, and Provided Clear and Convincing Evidence for Finding Him Not Entirely Credible

Credibility determinations are particularly the province of the ALJ. *Andrews*, 53 F.3d at 1043. Nevertheless, when an ALJ discredits a claimant's subjective symptom testimony, he must articulate specific and adequate reasons for doing so. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). The determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281; SSR 96-7p, 1996 WL 374186, *2-3. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p, 1996 WL 374186, *2-3. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). Absent affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). When evaluating a claimant's credibility, however, the ALJ "must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints." *Greger*, 464 F.3d at 972 (internal quotation omitted). General findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness, inconsistencies in testimony or between his testimony and conduct, daily activities, work record, and the testimony his from physicians and third parties concerning the nature, severity, and effect of the symptoms

of which he complains. *Smolen*, 80 F.3d at 1284.

Here, there are no allegations that plaintiff was malingering, therefore the ALJ was required to provide clear and convincing reasons for discounting his testimony. *Reddick*, 157 F.3d at 722. The ALJ found that plaintiff's medically determinable impairments could be expected to produce some of the symptoms he alleged, but concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR at 17. In making this determination, the ALJ considered all symptoms alleged by plaintiff that could "reasonably be accepted as consistent" with the objective medical evidence and other evidence presented in the record, based on the requirements of 20 C.F.R. § 416.929 and Social Security Regulations ("SSRs") 96-4p and 96-7p.[4] The ALJ ultimately concluded that the balance of the medical reports established that plaintiff "has some limitations in functioning, but not to the point of disability." AR at 18. This conclusion was the product of the medical record, plaintiff's oral and written testimony, and his subjective complaints.

The ALJ noted that plaintiff's treating and examining physicians—such as Dr. Jeffrey Lee and Dr. Jennifer Carl—offered varied and conflicting functional assessments regarding plaintiff's impairments. AR at 17-18. The ALJ noted that, contrary to earlier reports and certain of plaintiff's complaints, Dr. Lee's January 2004 opinion stated that plaintiff's diabetes and COPD were well-controlled with medication, exercise, and diet. AR at 17-18 (citing AR at 179, 203). As to plaintiff's back pain, the ALJ gave some weight to Dr. Lee's April 2004 opinion that plaintiff's lumbar spinal stenosis resulted in some postural limitations and restricted him to sedentary work, but also noted that a May 2005 MRI revealed no such

---

[4] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration (SSA) interpretations of the statute it administers and of its own regulations," and are binding on all SSA adjudicators. 20 C.F.R. § 402.35(b); *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001). Accordingly, such rulings are given deference by the courts "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

REPORT AND RECOMMENDATION
PAGE – 7

01  stenosis. AR at 18 (citing AR at 206-09, 276). Furthermore, the ALJ noted contradictory
02  conclusions reached by Dr. Lee in April 2004 and April 2005: while Dr. Lee noted some
03  postural limitations and restricted plaintiff to sedentary work during the April 2004 visit, see
04  AR at 208, in the April 2005 visit, he opined that plaintiff was disabled until he could lose
05  weight, despite making no specific medical findings and providing no indication of an increase
06  in weight. AR at 18 (citing AR at 208, 269); *see also* AR at 18 (noting that plaintiff's back
07  pain was severe only "in conjunction with [his] morbid obesity"). Other, more recent
08  evaluations by Dr. Lee established that plaintiff's COPD, sleep apnea, and diabetes were stable
09  or "doing fairly well," and would continue to improve with medication, use of a Continuous
10  Positive Airway Pressure ("C-PAP") machine and exercise, each of which would also have a
11  positive effect on problems associated with plaintiff's obesity. AR at 243 (June 2006 exam).

12        As to Dr. Carl, the ALJ explained that certain of her favorable opinions regarding
13  "significant back pain" were provided several years before the time period for which SSI
14  benefits were available and, for that reason, were less probative than more recent evaluations.
15  AR at 17. Finally, the ALJ gave weight to testimony by a medical expert ("ME") which
16  supported the conclusion that plaintiff could perform some light work and "definitely could
17  perform sedentary work," with restrictions from inhaled agents (due to sleep apnea). AR at
18  18. This finding was corroborated by a March 2004 state agency examination. *See* AR at
19  131-36. However, "giv[ing] the claimant the benefit of any doubt," the ALJ rejected the ME's
20  conclusion that plaintiff's back pain and diabetes were not severe. AR at 18.

21        The ALJ did not discredit the plaintiff solely by pointing to the objective medical
22  evidence (or lack thereof). In addition to such evidence, the ALJ concluded that plaintiff's
23  testimony, when coupled with certain of his daily activities, simply did not square with the
24  level of debilitating pain he alleged. AR at 17-18. In addition to the fact that plaintiff
25  essentially admitted and denied he could perform sedentary work, *compare* AR at 100-01,
26  104, *with* AR at 295-98, the ALJ concluded that plaintiff increased exercise and other daily

01  activities were not consistent with his allegations of incapacity.  The ALJ noted plaintiff's
02  August 2005 statement that he was taking one-mile walks three times per week.  AR at 19
03  (citing AR at 261) (noting increased physical activity, and agreeing to take one-mile walks
04  four times per week).  By October 2005, plaintiff reported that this activity had increased to
05  thirty-five minutes of walking, four times per week.  AR at 19 (citing AR at 255).  By January
06  2006, plaintiff had purchased a treadmill and increased his walking to "two long walks on [the]
07  treadmill everyday, five days a week."  AR at 251 (noting that plaintiff "reports that his
08  exercise tolerance is increasing and his back pain has gone down").  Finally, the ALJ noted
09  that plaintiff "reported that he can perform a range of household tasks consistent with at least
10  sedentary work."  AR at 19 (citing 74-75, 99-100) (noting ability to do a range of daily or
11  weekly housework, including vacuuming, dusting, washing clothes, preparing dinners, cleaning
12  dishes, taking out garbage, mowing the lawn, and grocery shopping).

13       By setting forth evidence that undermined certain of plaintiff's subjective complaints,
14  the ALJ provided clear and convincing reasons for finding the claimant not entirely credible.
15  *Smolen*, 80 F.3d at 1284.  To the extent plaintiff insists that the ALJ erred by using daily
16  activities to support a finding of transferrable work skills, he misconstrues both the ALJ's
17  conclusion and the analysis set forth in *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007).  An ALJ's
18  reference to a claimant's daily activities to find that the claimant is able to engage in sustained
19  physical activities transferrable to a work setting is only *one* ground available to the ALJ to
20  find a given claimant incredible.  *Id.* at 639.  Here, the ALJ did not pursue that ground.  The
21  other ground, according to the court in *Orn*, is the use of daily activities to "contradict [the
22  claimant's] other testimony" that is inconsistent with those stated activities.  *Id.*; *see also*
23  *Batson v. Commissioner*, 359 F.3d 1190, 1196 (9th Cir. 2004); *Light v. Social Sec. Admin.*,
24  119 F.3d 789, 792 (9th Cir. 1997); *Smolen*, 80 F.3d at 1284.  This was the ground utilized by
25  the ALJ.

26       In the present case, the relevance of the ALJ's consideration of plaintiff's exercise and

REPORT AND RECOMMENDATION
PAGE – 9

other daily activities is not that they indicate an ability to work on a sustained basis, but rather, that such activities bear negatively on his believability. Such a basis was explicitly endorsed by the Ninth Circuit in *Orn*. *See id.* The ALJ properly concluded that plaintiff alleged a degree of impairment incompatible with both the activities in which he engaged and the reports of treating and examining physicians.

### B. Conclusion

The role of this Court is limited, and "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas*, 278 F.3d at 954. While it is possible to interpret the evidence as urged by the plaintiff, it simply cannot be said that this is the only rational interpretation. *See id.*

The Commissioner's denial of social security benefits in this case was free of reversible legal error and supported by substantial evidence in the record as a whole. Accordingly, the Court recommends that the decision of the Commissioner be AFFIRMED. A proposed order accompanies this Report and Recommendation.

DATED this 11th day of February, 2008.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge